**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50097 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00532-BEN |
| v. | |
| ANTONIO GASTELUM-JUAREZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Antonio Gastelum-Juarez appeals from the district court's judgment and

challenges the 70-month sentence imposed upon remand following his guilty-plea

conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952

and 960.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Gastelum-Juarez contends that the district court erred by denying his request for a minor role reduction under U.S.S.G. § 3B1.2.  We review the district court's interpretation of the Guidelines de novo, and its application of the Guidelines to the facts of the case for abuse of discretion.  *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

Contrary to Gastelum-Juarez's claim, the district court considered the five factors under the amended Guideline.  *See* U.S.S.G. § 3B1.2 cmt. n.3(C); *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (the district court need not "tick off" the factors to show that it has considered them).  In light of the totality of the circumstances, including Gastelum-Juarez's actions leading up to the offense, the quantity of methamphetamine at issue, and his significant compensation, the district court did not abuse its discretion in denying the reduction.  *See* U.S.S.G. § 3B1.2 cmt. n.3(C); *Gasca-Ruiz*, 852 F.3d 1170.  That Gastelum-Juarez may have been less culpable than the organizer of the smuggling enterprise did not show that he was entitled to the adjustment.  *See* U.S.S.G. § 3B1.2 cmt. n.3(A) (adjustment applies to a defendant who is substantially less culpable than the "average" participant in the offense).

We grant Gastelum-Juarez's request to take judicial notice.

**AFFIRMED.**